ARNOLD ALLEN JOY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Joy v. Commissioner
Docket No. 8273-89
United States Tax Court
T.C. Memo 1991-543; 1991 Tax Ct. Memo LEXIS 667; 62 T.C.M. (CCH) 1121; T.C.M. (RIA) 91543; October 31, 1991, Filed *667 Decision will be entered for the respondent. Arnold Allen Joy, pro se. Carmino Santaniello, for the respondent. POWELL, Special Trial Judge. POWELL
MEMORANDUM OPINION This case was assigned pursuant to section 7443A. [1] Respondent determined a deficiency in petitioner's Federal income tax for 1983 in the amount of $ 222. The issue raised in the notice of deficiency was whether petitioner reported income he received from A & M Sheet Metal in 1983. Petitioner was living in Hope, Maine, at the time he filed his petition with the Court. Petitioner was not married during 1983. Petitioner worked as a part-time tinsmith for A & M Sheet Metal of Rockland, Maine, from July 11, 1983, to July 27, 1984. A & M Sheet Metal provided petitioner with a place to work and supervised his work. Petitioner worked at least 1 day per week for *668 the 25-week period from July 11, 1983, until the end of that year. Petitioner's employer paid him by check weekly but did not provide petitioner with a pay stub. The owner of A & M Sheet Metal assured petitioner that the company was withholding Federal taxes from his paycheck. Petitioner earned at least $ 1,148 from A & M Sheet Metal, none of which he reported on his 1983 Federal income tax return. At year end, A & M Sheet Metal provided respondent with a Form 1099 indicating that petitioner earned $ 1,148 as an independent contractor and that the company did not withhold any taxes on behalf of petitioner. A & M Sheet Metal did not provide petitioner with a copy of the Form 1099 or with a Form W-2 for 1983. A & M Sheet Metal did not pay over to respondent any funds that it withheld from petitioner's paycheck. When petitioner realized that A & M Sheet Metal was not going to supply him with a Form W-2 for 1983, he contacted the Maine State Attorney General's office for assistance. The Maine State Attorney General's office replied that they could not assist him with this matter. Petitioner did not report the income he received from A & M Sheet Metal on his Federal tax return *669 for 1983. During the trial of this case, petitioner conceded that he received income from A & M Sheet Metal; he insists, however, that he is entitled to a credit of $ 56.75 against the deficiency for the taxes that were or should have been withheld from his wages. The Tax Court is a court of limited jurisdiction. . Our jurisdiction is precisely described by statute and we may not enlarge upon that statutory jurisdiction. Sec. 7442; . This Court can proceed in a case only if we have jurisdiction. Any party, or the Court on its own motion, can question jurisdiction at any time, even after the case has been tried and briefed. , and cases cited therein. This Court's jurisdiction is limited to a redetermination of a deficiency. Sec. 6213(a). Essentially a deficiency is defined as the amount by which the amount owed exceeds the amount of tax shown by the taxpayer upon his return. Sec. 6211(a); sec. 301.6211-1, Proced. & Admin. Regs.; . *670 The correct tax and the tax shown on the return are determined without regard to the amounts withheld by the taxpayer's employer (i.e., without regard to the credit under section 31). Sec. 6211(b)(1). In short, the deficiency which this Court has jurisdiction to redetermine is computed without regard to any amounts withheld by the taxpayer's employer. See , affg. in part, vacating and remanding in part . As noted the issue before us is the correctness of the "deficiency" determined by respondent and we hold that respondent committed no error in determining the deficiency by failing to allow a credit for any income tax withheld. See . [2] Since petitioner concedes that he had unreported income, we accordingly sustain respondent's determination in this case. *671 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code, as amended and as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See also ; .↩